# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

  v.                                **Case No. 22-CR-71**

**ANTOINE JACKSON**
      **Defendant.**

## ORDER

The government moves to adjourn the trial in this case, currently set for September 6, 2022. Defendant opposes the motion.

**I.**

On April 5, 2022, the government obtained an indictment charging defendant with felon in possession of a firearm, conspiracy to commit bank robbery, three substantive bank robbery offenses, and conspiracy to threaten a witness. On June 3, 2022, the government obtained a writ to secure defendant's appearance from state custody for his arraignment on June 28, 2022. At the arraignment, the magistrate judge set a motions deadline of July 13, 2022, with a final pre-trial date of August 26, 2022, and a trial date of September 6, 2022. The judge further ordered defendant returned to state custody with a federal detainer.

On July 11, 2022, defendant, despite being represented by counsel, filed a pro se motion to suppress. On July 13, 2022, defense counsel filed a motion to extend the motions deadline. On July 14, 2022, the magistrate judge granted counsel's motion, extending the deadline to July 22, 2022, and excluding the period from July 14, 2022 until July 22, 2022 under the Speedy Trial Act. On July 15, 2022, the magistrate judge issued a recommendation

that defendant's pro se motion to suppress be dismissed based on the policy against hybrid representation. See United States v. Patterson, 576 F.3d 431, 436 (7th Cir. 2009). Defendant had 14 days to object and has not done so within that time.

Meanwhile, the government moved to designate the case complex under this district's local rules, and the magistrate judge held a hearing on that motion on July 28, 2022. At the hearing, defendant opposed the complex designation, indicating he did not want to delay the jury trial. Counsel agreed the evidence was voluminous but indicated he would be prepared on the date set. The magistrate judge denied the motion for complex designation.

On August 2, 2022, the government filed a motion to adjourn the trial from September 6, 2022, to September 12, 2022, October 3, 2022, or a mutually acceptable date thereafter. The prosecutor indicates that she has an out-of-state trip scheduled for August 18, 2022, through August 27, 2022, including prepaid air travel and accommodations, making her unavailable for the final pretrial conference and on leave when any motions in limine and other pretrial matters are litigated. Given that the speedy trial clock is tolled by defendant's pro se motion, and that lead government counsel is unavailable just before trial, the government requests a short adjournment.

In response, defendant indicates that he wants his trial to commence on September 6, 2022, so that his speedy trial right is preserved and honored. He further indicates that he has employment waiting for him upon a successful outcome of his trial, which could be lost if his trial is delayed.

II.

The government has established good cause for a short adjournment. Defendant's employment concerns are accommodated by limiting the length. I will move the trial from

2

September 6 to September 12.

This will not violate defendant's speedy trial rights. Under the Speedy Trial Act, trial must commence within 70 days of indictment or appearance, whichever is later. 18 U.S.C. § 3161(c)(1). Thus, defendant's trial was originally set for September 6, 2022, 70 days from his initial appearance on June 28, 2022. However, the Act provides for various automatic exclusions, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). Defendant filed a motion on July 11, 2022, which has not yet been decided. Defendant states that he disagrees with the government's contention that the speedy trial clock is tolled due to this motion, but he provides no legal analysis supporting that position. He may feel that the magistrate judge denied his pro se motion, but under Fed. R. Crim. P. 59(b) magistrate judges may only recommend action on motions to suppress. Until the district court rules, the motion remains pending and time is tolled (subject to the limitation in § 3161(h)(1)(H)). Time under the Act is also subject to discretionary exclusions, and defendant fails to address the magistrate judge's "ends of justice" exclusion from July 14, 2022 until July 22, 2022. See 18 U.S.C. § 3161(h)(7)(A). I further find that the ends of justice support continuing the case from September 6 to September 12. See 18 U.S.C. § 3161(h)(7)(B)(vi).

**III.**

**THEREFORE, IT IS ORDERED** that the government's motion to adjourn (R. 20) is granted. The final pre-trial set for August 26, 2022, is adjourned to **Friday, September 2, 2022, at 11:00 a.m.**, and the trial set for September 6, 2022, is adjourned to **Monday, September 12, 2022, at 8:30 a.m.**

**IT IS FURTHER ORDERED** that the magistrate judge's recommendation (R. 16) is adopted, and defendant's motion to suppress (R. 10) is dismissed.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2022.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge